UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00095-HBB

**JOHN MICHAEL ISAACS**                                                                           **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                        **DEFENDANT**

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff John Michael Isaacs seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 16) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered September 23, 2016 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance and Supplemental Security Income benefits on October 9, 2013 (Tr. 198-211). Plaintiff alleged that he became disabled on June 15, 2013 as a result of:

1. Back and neck problems
2. Asthma
3. Back and neck disorders, Status post cervical surgery
4. Emphysema
5. Sleep apnea
6. Right hip pain, difficulty ambulating
7. Poor memory, concentration, focus; confusion
8. Depression, anxiety
9. Heart murmur
10. Acid reflux

(Tr. 247). Administrative Law Judge David S. Pang conducted a video hearing on March 19, 2015 from Baltimore, Maryland. Plaintiff was present in Bowling Green, Kentucky and represented by Charles Burchett. Also present and testifying was Alissa Smith, vocational expert. Present but not testifying was Debra Card, hearing monitor.

In a decision dated April 16, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 99-117). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 15, 2013, the alleged onset date (Tr. 104). At the second step, the ALJ determined that Plaintiff's spine disorder is a "severe" impairment within the meaning of the regulations (Tr. 104). Also at the second step, the ALJ determined that Plaintiff's organic mental disorder is a "non-severe" impairment within the meaning of the regulations (Tr. 105). At the third step, the

2

ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 106).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a restricted range of light work (Tr. 106). More specifically, the ALJ found Plaintiff

> [W]ould be able to stand and walk for 4 hours in an 8-hour workday and sit upright for 4 hours in an 8-hour workday. Thus, essentially making this a sit/stand option. However, the sit/stand option could be performed at the workstation. He would not be off task when leaving the workstation or changing positions. He would only occasionally be able to operate foot controls with the right lower extremity. He would occasionally be able to tolerate vibration and only occasionally be able to move the neck to the left.

(Tr. 106). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work as an over the road truck driver (Tr. 110).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 110-12). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 112). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from June 15, 2013, through the date of the decision (Tr. 112).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 14-15). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

3

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the ALJ failed to support his ruling with substantial evidence, and this case is remanded to the ALJ for further consideration.

## ANALYSIS

### A. STEP THREE

Plaintiff primarily challenges the ALJ's findings at the third step, where the ALJ must determine whether the claimant's impairment or a combination of impairments meets or medically equals one of the listed impairments in Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Plaintiff takes issue with the ALJ's conclusion that no medical opinion in the record supports a finding that Plaintiff met a listing (DN 13 at pp. 2-5). Additionally, Plaintiff claims that the ALJ offered only a perfunctory analysis of whether Plaintiff met or medically equaled a listing, and as such, his ruling does not permit meaningful review of the decision (Id. at p. 5). The Commissioner disagrees, arguing that substantial evidence in the record supports the ALJ's conclusion that the Plaintiff does not meet or medically equal a listed impairment (DN 16 at pp. 4-6). The Defendant contends Plaintiff has failed to demonstrate functional loss, as required by 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B1a (DN 16 at p. 4).

### 1. LOSS OF FUNCTION

As an initial matter, the Commissioner's fact and law summary argues that, in addition to the express requirements of listing 1.04A, a claimant must also demonstrate loss of function as

defined in § 1.00B (DN 16 p. 5). This is an incorrect reading of the regulations. When interpreting statutory language, the starting point is the statute itself. See United States v. Boucha, 236 F.3d 768, 774 (6th Cir. 2001). Moreover, where language is present in one section of an act but absent from another, it is generally presumed that the drafters acted "intentionally and purposely in the disparate inclusion or exclusion." Rusello v. United States, 464 U.S. 16, 23 (1983).

Here, none of the introductory material in § 1.00 indicates that the terms listed and defined there operate as conditions precedent for satisfying the subsequent listings. Instead, they are simply a convenient reference point, since those terms are used repeatedly in the sections that follow. Indeed, the drafters of the regulations went on to use those defined terms as criteria for some listings but not for others. For example, § 1.00B2b1 defines "the inability to ambulate effectively." Subsequently, several listings list the inability to ambulate effectively as a criteria necessary to qualify under that individual listing. *See e.g.* §§ 1.02A; 1.03, 1.04C; 1.05B; 1.05C; 1.06B. In contrast, Plaintiff claims that he meets or medically equals the criteria of § 1.04A, which does not contain a requirement that the claimant demonstrate loss of function. The undersigned presumes this omission is intentional and therefore concludes that the Commissioner's argument is without merit.

### 2. GOOD REASONS

The listed impairments located in Appendix 1 represent those conditions that the Commissioner believes are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." Reynolds v. Comm'r of Soc. Sec, 424 Fed. App'x 411, 414 (6th Cir. Apr. 1, 2011) (quoting 20 C.F.R. §§ 404.1525(a),

416.925(a)). Each listing specifies certain objective requirements a claimant must demonstrate, and a claimant must satisfy all of the criteria to meet the listing. Id. (quoting 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3)). At the third step of the sequential evaluation process, an ALJ must analyze the claimant's impairments, compare them with the relevant listed impairments, and offer a reasoned explanation for his conclusions as to whether the claimant meets the listing. Id. at 416. "An ALJ must include 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" Id. at 414 (quoting 5 U.S.C. § 557(c)(3)(A). The purpose of this requirement is necessary to facilitate meaningful judicial review. Id. An ALJ's discussion should make clear to a claimant the reasons for which the Commissioner is denying his or her claim for benefits. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). Indeed, when a claimant's physician has deemed him disabled, the claimant may well be understandably bewildered if an administrative bureaucracy subsequently tells him, without good reasons, that he is not. Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 661 (6th Cir. 2009) (Holschuh, J., concurring in part and dissenting in part).

In his analysis of whether the Plaintiff in this case met or medically equaled one of the listings in Appendix 1, the ALJ offered the following:

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> The record fails to establish that the claimant's impairments meet or equal the criteria of any listed physical or mental impairment. There is not an indication that a treating, examining, or non-examining medical source has mentioned findings or rendered an opinion that the claimant's impairments singly or in combination,

> medically meet or equal the criteria of any listed impairments. In rendering this decision, I considered all the listed impairments and gave specific consideration to section 1.00 et seq., Musculoskeletal System.

(Tr. 106).

To begin, it is useful to outline what a claimant must demonstrate in order to satisfy the criteria for the specific listed impairment. Here, Plaintiff contends he is disabled under Listing 1.04A, addressing disorders of the spine. To meet this listing, Plaintiff must demonstrate:

> [H]erniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404 Subpt. P § 1.04A.

In his brief, Plaintiff offers a number of examples of medical evidence supporting a determination that he meets the listed criteria. For instance, Plaintiff was diagnosed with cervical radiculopathy on several occasions (DN 13 at p. 3 (citing Tr. 468, 472, 500, 520, 530). Additionally, in January, 2014, the range of motion in Plaintiff's neck was found to be fifty percent decreased (Tr. 408, 417). Plaintiff claims that medical records support a finding of motor loss (DN 13 p. 3 (citing Tr. 542, 339, 408, 444, 441).

The Commissioner has failed to address this evidence, let alone to offer contrary evidence, instead focusing attention on the loss of function argument discussed above. The ALJ

relied on existing medical opinions to conclude that the Plaintiff had not met or medically equaled a listing (Tr. 26). But, as the ALJ pointed out, no medical opinion discussed this particular listing (Tr. 26). Thus the undersigned cannot say with any confidence that any of the examining or treating physicians even specifically considered the listing at issue. The ALJ is not in a position to "play doctor" by analyzing raw medical data to determine whether the Plaintiff has met or medically equaled a listing. Simpson v. Comm'r of Soc. Sec., 344 Fed. App'x 181, 194 (6th Cir. 2009) (quoting Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996). In order to avoid this potential scenario on remand, the undersigned suggests the ALJ seek an additional expert opinion to interpret the evidence cited by Plaintiff that he contends supports a finding that he has met or medically equaled the requirements under § 1.04A.

## B. PLAINTIFF'S REMAINING ARGUMENTS

Because the undersigned has remanded this case for the reasons stated above, there is no need to analyze Plaintiff's remaining arguments.

## C. SENTENCE FOUR REMAND

Sentence four of 42 U.S.C. § 405(g) authorizes a post judgment remand. Under sentence four, the court makes a final judgment (e.g., affirming, reversing, or modifying the final decision of the Commissioner) and remands the case to the Commissioner with instructions to consider additional evidence and/or conduct additional proceedings to remedy a defect in the original proceedings. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994). Here, for the reasons expressed above, such remand is appropriate.

## **ORDER**

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are not supported by substantial evidence, and judgment is granted for the Plaintiff. The case is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Copies:    Counsel